No. ——

First Circuit Appeal

## ODON GUIDRY v. ANGE ROGER, ET AL.

(January 21, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pledges—Par. 10; Sequestration—Par. 10.**
Where two creditors have made advances on a cotton crop the one complying with Article 3158 of the Civil Code reducing his pledge to writing is entitled to a writ of sequestration seizing the cotton in the hands of the other creditor who has no written pledge and applying the proceeds of the sale to the pledged debt first.

Appeal from the Parish of Lafayette, Hon. W. W. Bailey, Judge.

This is a suit for collection of money and goods advanced for making of a crop against the farmer and another creditor who has possession of the cotton grown. There was a sequestration of the cotton.

There was judgment for plaintiff but dissolving the sequestration. Plaintiff appealed.

Judgment affirmed, as to plaintiff but reversed as to sequestration maintaining it.

Mouton & Debaillon of Lafayette, attorneys for plaintiff and appellant.

Kennedy & Roos of Lafayette, attorneys for defendant and appellee.

LECHE, J. The defendant Ange Roger cultivated and grew a crop of cotton during the year 1923, on land belonging to Albert Hernandez, and this suit involves a contest between Hernandez and plaintiff as to which one is entitled to the proceeds of the crop. Both the plaintiff and Hernandez made advances to Roger to cultivate the land and Hernandez additionally claims one-third of said proceeds for rent, in accordance with the agreement under which

the land had been leased by him to Roger.

Plaintiff coupled with his demand for judgment for the amount of his claim against Roger, a sequestration under which the sheriff seized four bales of cotton. The cotton at the time of its seizure, was in the possession of Hernandez' who held it as owner of one-third and as pledgee of the other two-thirds to secure his claim for advances to Roger.

The agreements between plaintiff and Roger and between Hernandez and Roger were not made in writing and were not recorded.

The evidence clearly shows the amount advanced by plaintiff to wit: $370.94. Hernandez testifies that he advanced directly to Roger $299.40 and that he advanced him through Dugas, a storekeeper, $248.35 making in all $547.75, but he acknowledges that previous to the seizure he had received from Roger two bales of cotton which he sold for $270.60. After deducting one-third for rent there remained a credit in Hernandez' hands, of $180.40 which reduced Hernandez' claim to $367.35. The status of these two creditors of Roger is then, that each has a claim secured by privilege for advances to cultivate and grow the crop of cotton which admittedly is insufficient to pay them both in full.

The so-called pledge in favor of Hernandez is not evidenced in writing as required by C. C. Art. 3158, amended by Act 157, p. 239, of 1900, and is therefore null as to plaintiff.

The defendant Hernandez, made no appearance in this court, and our consideration of the case convinces us that the judgment appealed from is erroneous.

The District Court rendered judgment in favor of plaintiff as against Ange Roger for the full amount of his claim, but dissolved the sequestration, ordered the cotton restored to Hernandez and taxed the costs of sequestration against plaintiff.

We believe the circumstances justified the issuance of the writ, that the cotton, less one-third belonging to Hernandez, should be ordered sold and the proceeds distributed pro rata to satisfy the claims of plaintiff and of Hernandez and that all costs should be paid by defendant Ange Roger, wherefore

It is ordered that the judgment appealed from be set aside and reversed insofar as it dissolves the sequestration, orders the cotton restored to Hernandez and taxes the costs of sequestration against plaintiff, that the writ of sequestration be maintained, that the cotton under seizure, less one-third thereof belonging to Hernandez as lessor, be ordered to be sold to satisfy pro rata and pro tanto the claim of plaintiff, viz.: Three hundred and seventy 94/100 dollars and the claim of Albert Hernandez, viz: Three hundred and sixty-seven 95/100 dollars, by privilege and preference, that all costs be paid by defendant, Ange Roger, and otherwise that said judgment be affirmed.